MARTIN SACKET *vs.* LEICESTER LOOMIS.

If the maker of a promissory note payable on demand pays money to the payee, on his agreement to apply it in payment of the note, and the payee negotiates the note without so applying it, the remedy of the maker is, when sued on the note, to set up the payee's agreement against the holder, under *St.* 1839, *c.* 121, § 1; and he cannot, on paying the amount to the holder, recover it of the payee by action on his agreement.

ACTION OF CONTRACT. The declaration alleged that the plaintiff on the 28th of August 1848, at Westfield, made a promissory note for fifty dollars, payable to the defendant or order on demand with interest; and on the 7th of November 1848 paid the defendant fifty dollars; that the defendant agreed to indorse and apply this sum on said note, and signed and delivered to the plaintiff a written receipt in the following words: "Received of Martin Sacket fifty dollars to be applied on his note. Westfield, Nov. 7th 1848"; that the defendant indorsed or applied on the note the sum of twenty five dollars only, and afterwards negotiated the note to James Noble, to whom the plaintiff was afterwards obliged to pay the amount of the note, deducting only the twenty five dollars; and that the defendant owed him said sum of twenty five dollars and interest thereon.

At the trial in the court of common pleas, before *Mellen,* C. J., the plaintiff proved the making of the note and its transfer to Noble, the making of the receipt, and his payment of the balance of the note to Noble at his request; and that, at the time of such payment, Noble agreed that "if, on examination, it was not all right, he would make it so." The plaintiff offered to prove that, when Noble informed him of his purchase of the note, he expressed surprise, and said that he thought he had got

a receipt for the amount of fifty dollars to apply thereon. But the judge rejected this evidence; and ruled that, upon the evidence in the case, the action could not be maintained. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. G. Bates,* for the plaintiff. The defendant having failed to apply the money received upon the note, as he had promised to do, and having received a sum exceeding the amount due on the note, the plaintiff, having paid that sum, may maintain this action to recover it. *Fowler* v. *Shearer,* 7 Mass. 14. *Rowe* v. *Smith,* 16 Mass. 306. *Jordan* v. *Phelps,* 3 Cush. 545. *Osgood* v. *Jones,* 23 Maine, 312. *Chellis* v. *Woods,* 11 Verm. 466. *Strong* v. *Mc Connell,* 10 Verm. 231. *Snow* v. *Prescott,* 12 N. H. 535. The decisions in *Jordan* v. *Phelps,* 3 Cush. 545, and *Loring* v. *Mansfield,* 17 Mass. 394, were influenced by the fact of a prior judgment between the same parties.

*N. T. Leonard,* for the defendant.

SHAW, C. J. The bill of exceptions in this case seems somewhat confused. Why the plaintiff offered evidence that when Noble, the indorsee of his note, notified him of that indorsement, he expressed surprise, and said he thought he had a receipt, does not appear; or why he excepted to the rejection of it. The fact, if so, would seem to make against his case. But it has not been relied on in the argument.

The direction of the judge that, upon the facts as they appeared, the plaintiff was not entitled to recover, was, in our opinion, correct. It appearing that, when Loomis gave to Sacket the receipt for fifty dollars, he held Sacket's note for fifty dollars, dated August 28th 1848; and there being no evidence that he held any other note; the conclusion of fact would be, that the terms " his note," in the receipt, referred to the note of the 28th of August, as if it had been thus specifically described. Then what is the effect of the receipt? The words " to be applied on his note," are equivalent to the words " applied in payment," or " received in payment," and operated by way of discharge of the note, in whole or *pro tanto*, as it was, or was not the full amount. There was no promise, stipulation or executory undertaking to

13*

*indorse* it on the note. The principle on which this distinction rests is fully stated and explained in the case of *Jordan* v. *Phelps*, 3 Cush. 547.

The remedy of Sacket was, when called on by Noble, as indorsee of Loomis, to rely on his receipt as a discharge and extinguishment of the note. This note being payable on demand, by the express provisions of *St.* 1839, *c.* 121, § 1, Sacket, the maker of the note, had the same right to use this payment as a defence against Noble, the indorsee, as he would have had against the payee. *Exceptions overruled.*